Filed 12/11/25  P. v. Padillia-Reyes CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>OLIVIA PADILLA-REYES,<br><br>        Defendant and Appellant. | A171317<br><br>(Contra Costa County<br>Super. Ct. No. 01-24-02120) |

Defendant Olivia Padilla-Reyes appeals the trial court's order authorizing the Department of State Hospitals (DSH) to involuntarily administer medication pursuant to Penal Code section 1370, subdivision (a)(2)(B), after she was declared incompetent to stand trial.[1]  She argues that the court violated her rights to due process and equal protection by ordering her involuntarily medicated without an evidentiary hearing.  As Padilla-Reyes has since been restored to competency, we dismiss this appeal as moot.  We further decline to exercise our discretion to address Padilla-Reyes's constitutional challenges because she forfeited them by failing to request an evidentiary hearing below.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

1

# I.  BACKGROUND

In May 2024, a felony complaint was filed against Padilla-Reyes, charging her with arson of a structure or forest.  (§ 451, subd. (c).)  The following month, defense counsel expressed doubt as to Padilla-Reyes's competence to stand trial.  After conducting an in-camera hearing, the trial court agreed and suspended criminal proceedings.  The court appointed two doctors to evaluate Padilla-Reyes.  It further directed the doctors to address whether her "mental disorder requires medical treatment with antipsychotic medication."

Both doctors submitted written reports and concluded that Padilla-Reyes was incompetent to stand trial.  The reports noted that she appeared to meet the diagnostic criteria for unspecified schizophrenia disorder.  One report recommended that Padilla-Reyes be treated with antipsychotic and related medications and concluded that her "capacity to make decisions regarding psychotropic medication appears to be impaired."  The other report recommended that Padilla-Reyes be involuntarily medicated, if appropriate, "to assist her with obtaining and maintaining long-term psychiatric stability, reduction of risk factors as well as ultimately obtaining competency restoration."

In July 2024, the parties submitted on the reports and stipulated that they "may be deemed in evidence for competency purposes."  The trial court found that Padilla-Reyes was incompetent to stand trial, continued the suspension of criminal proceedings, and referred the matter to the Contra Costa Conditional Release Program for a competency restoration placement report.  The court noted that one of the doctors opined that Padilla-Reyes met the criteria for involuntary medication under section 1370, subdivision (a)(2)(B), and that it would "take argument on that at commitment."

On August 20, 2024, the trial court committed Padilla-Reyes to DSH for two years with no credit for time served. The court then invited argument as to whether involuntary medication was appropriate. Defense counsel only objected on the grounds that Padilla-Reyes "indicate[d] that she would be willing to take medication voluntarily" and that the issue can be addressed at a later time "[s]hould it become necessary at DSH." Based on the reports, the court concluded that Padilla-Reyes "lack[ed] [the] capacity to make decisions regarding antipsychotic medication" and posed a danger to others. Therefore, in its order of commitment, the court "authorize[d] the administration of antipsychotic medication as needed, including on an involuntary basis, . . . under the direction and supervision of a licensed psychiatrist." Padilla-Reyes timely appealed.

In August 2025, the trial court found Padilla-Reyes competent to stand trial and reinstated her criminal proceedings. Later that same month, she moved for mental health diversion under section 1001.36.

## II.  DISCUSSION

Padilla-Reyes argues that the trial court violated her constitutional rights to due process and equal protection by ordering her involuntarily medicated without an evidentiary hearing. We need not, however, reach the merits of her arguments because the issue is now moot. Padilla-Reyes has been restored to competency and is no longer subject to the involuntary medication order. This court's duty is to decide actual controversies, and " 'an action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' " (*People v. Herrera* (2006) 136 Cal.App.4th 1191, 1198.)

3

Padilla-Reyes does not dispute that her appeal is moot but argues that we should nevertheless decide the appeal on its merits because it " 'poses an issue of broad public interest that is likely to recur.' "  Although we have " 'inherent discretion' to reach the merits of the dispute" even when it is moot, we decline to do so here because we would first need to find that Padilla-Reyes did not forfeit her constitutional challenges to the involuntary medication order by failing to request an evidentiary hearing or objecting below.[2]  (*In re D.P.* (2023) 14 Cal.5th 266, 282.)  Padilla-Reyes asserts that any failure by defense counsel "can be cognizable as a claim for ineffective assistance of counsel."  But that ineffective assistance claim would necessarily fail because Padilla-Reyes cannot show that any deficient performance by her counsel prejudiced her now that she is no longer involuntarily medicated.  (*In re Marquez* (1992) 1 Cal.4th 584, 602 ["When there has been no showing of prejudice, we need not determine whether trial counsel's performance was deficient"].)

In sum, even if Padilla-Reyes has arguably raised an issue of public interest that is likely to recur, this appeal is not the right vehicle for reaching the issue.  Not only is the appeal moot, Padilla-Reyes has also forfeited any such issue.

### III.  DISPOSITION

The appeal is dismissed as moot.

CHOU, J.

---

[2] "The California Supreme Court has repeatedly held that constitutional objections must be interposed in order to preserve such contentions on appeal."  (*In re Josue S.* (1999) 72 Cal.App.4th 168, 170.)

We concur.


SIMONS, Acting P. J.
BURNS, J.


A171317/ *P. v. Padilla-Reyes*